```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SPECIAL AND SUPERIOR OFFICERS
BENEVOLENT ASSOCIATION by JOSEPH
SCIASCIA, as President, and WILLIAM         MEMORANDUM & ORDER
JAUDON, EDWIN ROLLOCK, and WRICHLEY         11-CV-1580(JS)(WDW)
NELSON, on behalf of themselves and as
class representatives of a class of
similarly situated individuals,

                    Plaintiffs,

        -against-

ROCHDALE VILLAGE, INC., ROCHDALE
VILLAGE INC. MONEY PURCHASE PENSION
PLAN, and DARIUS GEORGE, individually
and as Trustee,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:     John H. Byington, III, Esq.
                    Archer, Byington, Glennon & Levine, LLP
                    One Huntington Quadrangle, Suite 4C10
                    P.O. Box 9064
                    Melville, NY 11747

For Defendants:     Arthur J. Robb, Esq.
                    Clifton Budd & DeMaria, LLP
                    420 Lexington Ave.
                    New York, NY 10170
```

SEYBERT, District Judge:

Plaintiffs, the Special and Superior Officers Benevolent Association ("SSOBA") by its President Joseph Sciascia, and William Jaudon, Edwin Rollock, and Wrichley Nelson on behalf of themselves and all other similarly situated individuals (collectively "Plaintiffs") commenced this action on March 31, 2011 against Defendants Rochdale Village, Inc.

("Rochdale"), the Rochdale Village Inc. Money Purchase Pension Plan (the "Rochdale Plan"), and Darius George, individually and as Trustee of the Rochdale Plan ("George" or "Trustee," and collectively "Defendants") asserting violations of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. Pending before the Court is Defendants' motion to dismiss the Complaint. For the following reasons, Defendants' motion is DENIED.

## BACKGROUND[1]

Plaintiff SSOBA is a labor organization and the duly certified collective bargaining representative of all full-time and part-time unarmed security officers employed by Defendant Rochdale. (Compl. ¶¶ 5-6.) At all relevant times, Rochdale and SSOBA have been parties to and bound by a collective bargaining agreement ("CBA") governing the terms and conditions of employment, wages, benefits, and working conditions of Rochdale's employees within the SSOBA bargaining unit under the CBA (the "SSOBA Employees"). (Compl. ¶ 16.)

Prior to 2008, pursuant to the terms of the CBA, the Rochdale Plan,[2] and the trust under which the Rochdale Plan is

---

[1] The following facts are taken from Plaintiffs' Complaint and are presumed to be true for the purposes of this Memorandum and Order.

2

established and maintained, Rochdale made five percent contributions to the Rochdale Plan on behalf of the SSOBA Employees who satisfied the Rochdale Plan's eligibility and participation conditions. (Rochdale Plan Adoption Agreement § 27.) The Rochdale Plan also provides, in relevant part, as follows: (i) Rochdale has authority to direct the Rochdale Plan with respect to all discretionary or otherwise directed disbursements from the Rochdale Plan (Compl. ¶ 28; Rochdale Plan § 2.4); (ii) the Rochdale Plan and the Trustee are required to transfer the interest of a Rochdale Plan participant to another qualified trust forming part of the pension, profit sharing, or stock bonus plan that permits such a transfer to be made to it, at the direction of Rochdale (Compl. ¶¶ 29-30; Rochdale Plan § 7.12); and (iii) upon partial termination of the Rochdale Plan, accrued benefits become one hundred percent vested and are no longer subject to forfeiture (Compl. ¶ 40; Rochdale Plan § 6.4(e)).

On March 17, 2008, Rochdale and SSOBA entered into a Memorandum of Understanding ("MOU") amending the CBA. (Compl. ¶ 17.) The MOU provided, in relevant part, as follows:

---

[2] The Rochdale Plan is a single-employer, employee benefit pension plan and a money purchase pension plan. (Compl. ¶ 11.) Rochdale is the Plan's sponsor and administrator, and Defendant George is its Trustee and named fiduciary. (Compl. ¶¶ 12, 26-27.)

3

> It is hereby agreed, effective January 1,
> 2008, on an annual basis, [Rochdale] agrees
> to contribute the sum of 5.00% of gross
> payroll on behalf of each [SSOBA Employee]
> to the SPECIAL AND SUPERIOR OFFICERS
> BENEVOLENT ASSOCIATION DEFINED CONTRIBUTION
> RETIREMENT PLAN ("Fund"), a jointly-
> administered trust fund subject to
> applicable law, whose purpose is to provide
> eligible participants with defined
> contribution pension benefits. . . .
>
> The parties agree to prepare and execute
> those documents necessary to effect transfer
> of assets from the [Rochdale Plan] to the
> Fund. [Rochdale] acknowledges and agrees
> that it will immediately transfer all assets
> held on behalf of [SSOBA Employees],
> including contributions to and owing, for
> the period on or before December 31, 2007.
> [Rochdale] agrees to fully cooperate in
> providing any documents required by the Fund
> in connection with this transaction.

(Compl. ¶¶ 17-18; MOU at 1.) However, the Complaint asserts that Rochdale failed and refused to honor this agreement to transfer the assets from the Rochdale Plan to the SSOBA Defined Contribution Retirement Plan ("SSOBA Plan"),[3] "despite due demand and the SSOBA's attempts to bring about Rochdale's compliance." (Compl. ¶ 20.) The Complaint also asserts that the Trustee and the Rochdale Plan failed and refused to transfer all of the assets held on behalf of the SSOBA Employees by the Rochdale

---

[3] According to the Complaint, the SSOBA Plan--created in 2006 through an agreement and declaration of trust for the SSOBA Defined Contribution Retirement Fund--is a multi-employer, Taft-Hartley employee benefit pension plan within the meaning of LMRA and ERISA and a qualified profit sharing plan under the Internal Revenue Code ("IRC"). (Compl. ¶ 19.)

4

Plan to the SSOBA Plan, "despite the direction by Rochdale to effect such a transfer." (Compl. ¶¶ 31-32.)

On December 31, 2008, in what appears to be anticipation of transferring assets to the SSOBA Plan, Rochdale amended the Rochdale Plan, effective January 1, 2008, to exclude SSOBA Employees from the employees eligible for future contributions to the Rochdale Plan and to stop making contributions on their behalf. (Compl. ¶ 38.) The Complaint asserts that this constituted a "partial termination" of the Rochdale Plan (Compl. ¶¶ 38), thus triggering the provision of the Rochdale Plan that requires "all amounts then credited to the account of any affected Participant [to] become 100% Vested and . . . not thereafter be subject to Forfeiture" (Rochdale Plan § 6.4(e)). However, the Trustee and the Rochdale Plan nonetheless "impermissibly and unlawfully caused, permitted, and/or put into effect the forfeiture of accrued benefits of [the SSOBA Employees] who were participants in the Rochdale Plan." (Compl. ¶ 42.)

Plaintiffs commenced this action on March 31, 2011, seeking costs, disbursements, reasonable attorney's fees, and an order compelling Defendants to immediately put into effect a transfer of all SSOBA Employees' assets held by the Rochdale Plan to the SSOBA Plan, enjoining the Rochdale Plan and the Trustee from allowing any additional forfeiture of accrued

5

benefits, and compelling the Rochdale Plan and the Trustee to repay and restore any forfeited benefits.

## DISCUSSION

The Complaint asserts three causes of action: (1) against Rochdale for breach of the CBA under LMRA § 301(a), 29 U.S.C. § 185(a), for failing to transfer assets to the SSOBA Plan; (2) against the Trustee and the Rochdale Plan for breach of fiduciary duty under ERISA § 502(a)(2), 29 U.S.C. §§ 1132(a)(2), 1104(a)(1)(D), for failing to transfer assets to the SSOBA Plan, and (3) against the Trustee and the Rochdale Plan for breach of fiduciary duty under ERISA § 502(a)(3), 29 U.S.C. §§ 1132(a)(3), 1104(a)(1)(B), (D), for amending the Rochdale Plan to discontinue contributions by Rochdale to the Rochdale Plan for its SSOBA Employees and to exclude SSOBA Employees from eligibility to participate in the Rochdale Plan.

Defendants move to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court will first discuss the standard applicable to Rule 12(b)(6) motions to dismiss. The Court will then address the merits of Defendants' motion.

I. Standard of Review under Rule 12(b)(6)

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662,

6

129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 129 S. Ct. at 1950. Determining whether a complaint does so is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). This has been interpreted broadly to include any document attached to the Complaint, any statements or documents incorporated in the Complaint by reference, any document on which the Complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991). Consideration of matters beyond those just enumerated

7

requires the conversion of the Rule 12(b)(6) motion to dismiss into one for summary judgment under Rule 56. See FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); see also Kramer, 937 F.2d at 773.

II. Breach of the CBA

Defendants argue that Plaintiffs' first claim against Rochdale--for breach of the CBA under LMRA § 301(a), 29 U.S.C. § 185(a), for failing to transfer assets to the SSOBA Plan--fails to state a plausible claim for relief for two reasons: (1) because the MOU is too ambiguous, inconsistent, and indefinite to clearly give rise to such an obligation and (2) even if Rochdale did have an obligation to effect a transfer of assets to the SSOBA Plan, doing so would have violated ERISA. The Court will briefly address what law applies before discussing the merits of Defendants' argument.

A. Applicable Law

"In cases where [LMRA §] 301 is the basis of jurisdiction,[4] it also requires that courts apply federal common

---

[4] The parties concede that this Court has subject matter jurisdiction over this action pursuant to LMRA § 301, which "provides subject matter jurisdiction to the federal courts for suits involving violations of collective bargaining agreements." Baldracchi v. Pratt & Whitney Aircraft Div., United Techs. Corp., 814 F.2d 102, 104 (2d Cir. 1987).

8

law to determine the meaning of the agreement." Baldracchi, 814 F.2d at 104; accord Dist. Lodge 26, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. United Techs. Corp., 610 F.3d 44, 51 (2d Cir. 2010). "While it is true that traditional contract rules do not always rigidly apply to collective bargaining agreements, courts must look to state contract law, when it is not inconsistent with federal labor policy, to form the content of the federal common law governing labor agreements." Dist. Lodge 26, 610 F.3d at 51 (internal quotation marks and citations omitted). Accordingly, the Court will look to New York state contract law in deciding how to interpret the agreements at issue.

B. Ambiguous Contract Language

"Under New York law 'the initial interpretation of a contract is a matter of law for the court to decide.' Included in this initial interpretation is the threshold question of whether the terms of the contract are ambiguous." Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's, 136 F.3d 82, 86 (2d Cir. 1998) (quoting K. Bell & Assoc., Inc. v. Lloyd's Underwriters, 97 F.3d 632, 637 (2d Cir. 1996)). "Where a contract's language is clear and unambiguous, a court may dismiss a breach of contract claim on a Rule 12(b)(6) motion to dismiss." Maniolos v. United States, 741 F. Supp. 2d 555, 567 (S.D.N.Y. 2010) (collecting cases). "However, 'when the

language of a contract is ambiguous, its construction presents a question of fact, which of course precludes summary dismissal' on a Rule 12(b)(6) motion." Id. (quoting Crowley v. VisionMaker, L.L.C., 512 F. Supp. 2d 144, 152 (S.D.N.Y. 2007)).

Here, Defendants argue that the first claim must be dismissed because the plain text of the MOU is ambiguous and inconsistent. However, "[w]here a contract term is ambiguous and material to the breach of a contract claim, the claim may not be dismissed for failure to state a claim." Wurstbaugh v. Banc of Am. Sec. L.L.C., No. 05-CV-6220, 2006 WL 1683416, at *5 (S.D.N.Y. June 20, 2006) (citation omitted); see also Eternity Global Master Fund Ltd. v. Morgan Guar. & Trust Co. of N.Y., 375 F.3d 168, 178 (2d Cir. 2004) ("Unless for some reason an ambiguity must be construed against the plaintiff, a claim predicated on a materially ambiguous contract term is not dismissible on the pleadings."). Accordingly, Defendants' argument fails.

C. ERISA Violation

Defendants argue in the alternative that even if "Rochdale had an obligation to effect a transfer by the Rochdale Plan under the MOU, ERISA would prevent it from using its authority as administrator of the Rochdale Plan to compel the Rochdale Trustee to transfer assets to the SSOBA Plan." (Defs. Mot. 11.) It is well settled that "a contract which violates

the laws of the United States and contravenes the public policy as expressed in those laws is unenforceable." Kaiser-Frazer Corp. v. Otis & Co., 195 F.2d 838, 843 (2d Cir. 1952) (citation omitted); see also Found. Ventures, L.L.C. v. F2G, Ltd., No. 08-CV-10066, 2010 WL 3187294, at *4 (S.D.N.Y. Aug. 11, 2010) ("A right of action for breach generally cannot arise from an illegal contract." (collecting cases)); Solis v. Couturier, No. 08-CV-2732, 2009 WL 2022343, at *2 (E.D. Cal. July 8, 2009) ("A contract which violates ERISA is 'illegal and, therefore, unenforceable.'" (quoting M & R Inv. Co. v. Fitzsimmons, 685 F.2d 283, 287 (9th Cir. 1982))). Accordingly, if the MOU would have required Rochdale to violate its fiduciary duties, the MOU would be unenforceable.

However, an employer's decision to transfer plan assets from one plan to another is not a decision subject to ERISA's fiduciary obligations. See Flanigan v. Gen. Elec. Co., 242 F.3d 78, 88 (2d Cir. 2001) (citing Hunter v. Caliber Sys., Inc., 220 F.3d 702, 719 (6th Cir. 2000)). Therefore, Defendants' argument is without merit, and their motion to dismiss Plaintiffs' first claim is DENIED.

III. Breach of Fiduciary Duty for Failing to Transfer Assets

Defendants argue that Plaintiffs' claim for breach of fiduciary duty against the Trustee and the Rochdale Plan for failing to abide by Rochdale's request to transfer assets to the

SSOBA Plan must be dismissed for three reasons: (1) because the Complaint fails to assert that Rochdale ever made such a request; (2) because even if Rochdale did make such a request, Plaintiffs have failed to point to the provision of the SSOBA Plan (or any related document) requiring the Trustee to effectuate such a transfer; and (3) because if the Trustee had transferred the assets to the SSOBA Plan, he would have violated his fiduciary duty. The Court finds each of Defendants' arguments to be without merit.

First, the Complaint does assert that Rochdale directed the Trustee to transfer all assets held by the Rochdale Plan on behalf of Rochdale's SSOBA Employees to the SSOBA Plan. (See Compl. ¶ 32 ("The Rochdale Trustee has failed and refused to transfer all assets held on behalf of [the SSOBA Employees] by the Rochdale Plan to the SSOBA Plan, despite the direction of Rochdale to effect such a transfer." (emphasis added).) And in deciding a motion to dismiss, the Court must accept all of the factual allegations in the Complaint as true. See Harris, 572 F.3d at 71-72.

Second, on a motion to dismiss, Plaintiffs are only required to plead, not prove, facts sufficient to support a claim. Cf. Hinds Cnty., Miss. v. Wachovia Bank N.A., 700 F. Supp. 2d 378, 400 (S.D.N.Y. 2010). Here, Plaintiffs have done so. To state a claim for breach of fiduciary duty under ERISA,

Plaintiffs must plead "'(1) that defendant was a fiduciary who, (2) was acting within his capacity as a fiduciary, and (3) breached his fiduciary duty.'" Bd. of Trustees of Aftra Retirement Fund v. JPMorgan Chase Bank, N.A., 806 F. Supp. 2d 662, 679 (S.D.N.Y. 2011) (quoting SCS Commc'ns, Inc. v. Herrick Co., 360 F.3d 329, 342 (2d Cir. 2004)). Under ERISA § 404(a)(1)(D), a fiduciary has a duty to comply with the documents and instruments governing the plan. 29 U.S.C. § 1104(a)(1)(D). Here, the parties do not dispute that the Trustee is a fiduciary who was acting in his capacity as a fiduciary. And the Complaint asserts that: (1) the Rochdale Plan requires the Trustee to transfer the interest of a Rochdale Plan participant to another qualified trust (here, the SSOBA Plan) at the direction of Rochdale (Compl. ¶ 29; see also Rochdale Plan § 7.12); (ii) Rochdale directed the Trustee to effect such a transfer (Compl. ¶ 31); and (iii) the Trustee failed and refused to do so in violation of § 7.12 of the Rochdale Plan (Compl. ¶¶ 32-33). Accordingly, Plaintiffs have stated a plausible claim for relief.

Finally, Defendants' purported defense--i.e., that transferring the assets to the SSOBA Plan would have itself been a breach of the Trustee's (and Rochdale's) fiduciary duties--is not properly before the Court on a motion to dismiss. See Johnson ex rel. Johnson v. Cnty. of Nassau, No. 09-CV-4746, 2010

13

WL 3852032, at *4 (E.D.N.Y. Sept. 27, 2010) ("At the motion to dismiss stage, the Court generally does not consider affirmative defenses."); Ortiz v. City of N.Y., 755 F. Supp. 2d 399, 401-02 (E.D.N.Y. 2010) ("A motion to dismiss is often not the appropriate stage to raise affirmative defenses . . . ."). "An affirmative defense may [only] be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." Pani, 152 F.3d at 74 (citations omitted).

Here, Defendants assert that transferring the assets would have violated the Trustee's fiduciary duties because the Rochdale Plan only allows for the transfer of assets to a tax-qualified plan, and the SSOBA Plan--according to Defendants' interpretation--is not tax-qualified. However, the Complaint asserts that the SSOBA Plan is a tax-qualified profit sharing plan (Compl. ¶ 19), which, for the purposes of a motion to dismiss, the Court must accept as true. See Harris, 572 F.3d at 71-72.[5] Thus, Defendants' argument does not appear on the face

---

[5] Defendants assert that whether a plan is tax qualified is not a question of fact so the Court need not accept this allegation in the Complaint as true. However, because only the Internal Revenue Service and the Tax Court can determine whether a plan is tax-qualified, see 26 C.F.R. 601.201(o)(2)(i); 26 U.S.C. § 7476, for the purposes of this motion, whether there has been a determination that the SSOBA Plan is tax-qualified is a question of fact. The Complaint asserts that the SSOBA Plan has been determined to be tax qualified, and the Court must accept that fact as stated in the Complaint as true.

14

of the Complaint and cannot be considered by the Court at this stage of the litigation. Accordingly, their motion to dismiss Plaintiffs' second claim is DENIED.

## IV. Breach of Fiduciary Duty for Allowing Forfeiture of Accrued Benefits

Plaintiffs' final claim is for breach of fiduciary duty against the Trustee and the Rochdale Plan for amending the Rochdale Plan (in anticipation of the transfer of assets to the SSOBA Plan) to discontinue contributions by Rochdale to the Rochdale Plan for its SSOBA Employees and to exclude SSOBA Employees from participating in the Rochdale Plan in the future. The Complaint asserts that the amendment constituted a partial termination of the Rochdale Plan, thus triggering certain obligations under ERISA, the IRC, and the Rochdale Plan itself, including providing notice and preventing forfeiture of accrued benefits. Plaintiffs argue that since Defendants failed to fulfill these obligations by, *inter alia*, allowing the SSOBA Employees' accrued benefits to be forfeited, they are liable for breach of fiduciary duty.

Defendants argue that this claim must be dismissed because (1) notwithstanding the amendment providing for the discontinuance of contributions, Rochdale continued to contribute to the Rochdale Plan for its SSOBA Employees, (2) the amendment was subsequently modified to retroactively provide for

15

uninterrupted contributions on behalf of the SSOBA Employees, and (3) even if contributions were discontinued, such discontinuance is not a partial termination (thus, not triggering the obligations enumerated in the Complaint). The Court disagrees.

First, Defendants' first two arguments regarding the continued contributions notwithstanding the amendment to the contrary are not properly before the Court on a motion to dismiss, as such defenses do not appear on the face of the Complaint. See Pani, 152 F.3d at 74.

Second, whether discontinuance constitutes partial termination is a fact-intensive inquiry based on "all the facts and circumstances in a particular case"--including "the exclusion, by reason of a plan amendment . . . , of a group of employees who have previously been covered by the plan." 26 C.F.R. § 1.411(d)(3)-2(b)(1). Here, under the Rochdale Plan, upon partial termination, accrued benefits become one hundred percent vested and are no longer subject to forfeiture. (Rochdale Plan § 6.4(e).) Accordingly, the Court finds that Plaintiffs have pled a "plausible" claim for relief: Defendants amended the Rochdale Plan to discontinue benefits to its SSOBA Employees, thus plausibly constituting a partial termination triggering the non-forfeitability of the SSOBA Employees' accrued benefits, and Defendants allowed the accrued benefits to

16

be forfeited. Therefore, Defendants' motion to dismiss Plaintiffs' third claim is DENIED.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED.

SO ORDERED.

/S/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 19, 2012
Central Islip, NY